UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. COVELLO, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-2049 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 11, 2023, the undersigned found that plaintiff's complaint stated a potentially colorable Eighth Amendment claim against defendant Campos for allegedly throwing a T-6 oleoresin capsicum grenade/bomb under plaintiff's cell door without cause on June 7, 2023.[1]  (ECF No. 7.)  The undersigned found that the remaining claims in plaintiff's complaint were not potentially colorable.  (Id.)  The undersigned granted plaintiff thirty days to either file an amended complaint or inform the court that he intended to proceed on the potentially colorable claim against defendant Campos.  (Id.)

////

---

[1] Plaintiff attached to the original complaint declarations by three inmates who allegedly witnessed the June 7, 2023 incident.  (ECF No. 1 at 10-13.)

1

On November 3, 2023, plaintiff filed an amended complaint. (ECF No. 10.) For the reasons stated herein, the undersigned recommends dismissal of all claims in the amended complaint, except for the potentially colorable Eighth Amendment excessive force and inadequate medical care claims against defendant Campos. The undersigned separately orders service of defendant Campos as to these claims.

The undersigned also herein addresses plaintiff's motion for appointment of counsel (ECF No. 11), plaintiff's motions for injunctive relief (ECF Nos. 12, 14), and plaintiff's motion for personal pleading, etc. (ECF No. 13.)

Amended Complaint

*Screening Standard*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

1  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
2  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
3  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
4  sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts
5  are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . .
6  . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007)
7  (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).
8  In reviewing a complaint under this standard, the court must accept as true the allegations of the
9  complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.
10 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468
11 U.S. 183 (1984).

*Discussion*

Named as defendants in the amended complaint are Warden Covello, Correctional Officer Campos and Does 1-50.  (ECF No. 10 at 3.)

Plaintiff alleges that on December 16, 2021, defendants Does 1-10 opened plaintiff's cell door and allowed an inmate to enter plaintiff's cell.  (Id. at 4.)  The inmate assaulted plaintiff because, according to the other inmate, plaintiff was a "piece of human waste."  (Id.)

Prison officials have a duty to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners.  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)).  To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate."  Labatad, 714 F.3d at 1160 (citing Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002), overruled on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060, 1076 (9th Cir. 2016)).  A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety."  Farmer, 511 U.S. at 837.

////

Plaintiff does not describe how each defendant Doe 1-10 participated in opening his cell door to allow the inmate into plaintiff's cell. Plaintiff also fails to allege how each defendant Doe 1-10 knew that the inmate posed an excessive risk to plaintiff's safety. Based on these vague and conclusory allegations, the undersigned finds that this claim against defendants Does 1-10 does not state a potentially colorable claim for relief. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient). Accordingly, this claim should be dismissed.

Plaintiff alleges that after the December 16, 2021 assault, he was placed in segregation and denied medical care for his injuries. (ECF No. 10 at 5.) Plaintiff does not allege that any defendant, including Doe defendants, denied him medical care.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

4

(no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's claim alleging denial of medical care following the December 16, 2021 assault should be dismissed because no defendants are linked to this claim.

Plaintiff alleges that after the December 16, 2021 assault, defendants Does 1-10 confiscated plaintiff's personal property. (ECF No. 10 at 5.) Plaintiff identifies the property confiscated as his legal paperwork, litigation books, typewriter "and everything." (Id.) Plaintiff alleges that defendants confiscated his property to obstruct the course of justice and to interfere with civil rights litigation. (Id.) The undersigned construes these allegations to allege a claim for denial of access to the courts.

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) ("We have recognized that prisoners' First and Fourteenth Amendment rights to access the courts without undue interference extend beyond the pleading stages"), overruled on other grounds as stated by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

Further, a plaintiff must identify the underlying lawsuit that forms the basis of the claim with sufficient detail so that the court can determine whether it was a non-frivolous, arguable claim. Christopher, 536 U.S. at 415 ("It follows that the underlying cause of action, whether

5

anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.")

Plaintiff's allegations that defendants Does 1-10 confiscated his legal property does not state a potentially colorable access to the courts claim because plaintiff does not allege an actual injury. Plaintiff does not allege prejudice with respect to actual contemplated or existing litigation. Accordingly, this claim should be dismissed.

Plaintiff alleges that on June 7, 2023, defendants Campos, Covello and defendants Does 1-50 conspired to violate his constitutional rights. ECF No. 10 at 5.) Plaintiff alleges that on June 7, 2023, defendant Campos exploded a grenade/bomb under plaintiff's cell door after faking an altercation between inmates. (Id. at 5-6.) Plaintiff suffered harm as a result of being exposed to the grenade/bomb. (Id. at 5.) Plaintiff alleges that defendant Campos opened plaintiff's cell door twenty minutes after the grenade/bomb exploded and failed to offer plaintiff medical care for the injuries caused by exposure to the grenade/bomb. (Id.) These allegations state potentially colorable Eighth Amendment claims against defendant Campos for excessive force and inadequate medical care. The undersigned separately orders service of these claims.

For the following reasons, the undersigned finds that plaintiff does not state a potentially colorable conspiracy claim against defendants Campos, Covello and Does 1-50 based on the June 7, 2023 incident. In order to state a conspiracy claim, plaintiff must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. Cnty. of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992). Additionally, a conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights.'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)). Plaintiff pleads no facts demonstrating that defendants Campos, Covello and Does 1-50 had an agreement or meeting of the minds to violate his constitutional rights. Accordingly, plaintiff's conspiracy claim should be dismissed.

Plaintiff also alleges that defendants Does 1-50 participated in the June 7, 2023 incident. (ECF No. 10 at 6.) Plaintiff does not describe how each defendant Doe 1-50 participated in the

June 7, 2023 incident. These vague and conclusory allegations do not state a potentially colorable claim for relief. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient).

Plaintiff raises the following claims to which no defendants are linked. Plaintiff alleges that he was subjected to high risk surgeries for the implantation of a chip to monitor his brain activities. (ECF No. 10 at 6.) Plaintiff alleges that in August 2022, he was wrongly denied parole based on an abuse of discretionary power, etc.[2] (Id.) Plaintiff alleges that he was hospitalized for rare illnesses, rashes and viruses but failed to receive medical care. (Id. at 7.) The undersigned recommends dismissal of these claims because no defendants are linked to these claims.

Plaintiff alleges that defendants Covello, Campos and Does 1-50 abused their power by disclosing plaintiff's prison files in order to incite inmates and people in general to abuse and punish plaintiff. (Id.) Plaintiff alleges no other facts in support of this claim. Standing alone, these vague and conclusory allegations do not state a potentially colorable claim for violation of plaintiff's constitutional rights. Accordingly, this claim should be dismissed. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient).

Plaintiff has been granted leave to amend once already. Because it is clear that plaintiff cannot cure the pleadings defects discussed above, the undersigned recommends dismissal of all claims raised in the amended complaint but for the potentially colorable Eighth Amendment excessive force and inadequate medical care claims against defendant Campos. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

---

[2] For purposes of these findings and recommendations, the undersigned finds that this claim is properly raised in this civil rights action. Cf. Richardson v. Bd. of Prison Hearings, 785 F. App'x 433, 434 (9th Cir. 2019) (holding that petition asserting Eighth and Fourteenth Amendment violations arising from denial of request for early parole would not necessarily result in immediate release from prison but rather entitlement to a new parole hearing).

Motion for Appointment of Counsel (ECF No. 11)

Plaintiff requests appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff's Motions for Injunctive Relief (ECF Nos. 12, 14)

On November 3, 2023, plaintiff filed two motions for injunctive relief. In the first motion for injunctive relief, plaintiff requests that he be released or transferred to Mexico. (ECF No. 12.) The grounds of this request appear to be that plaintiff is being subjected to deadly viruses, rashes, infections and other ailments for which he received inadequate medical care.[3] (Id. at 1.)

In the second motion, plaintiff raises several claims raised in the amended complaint found not potentially colorable above. For example, plaintiff alleges that the government monitors his brain and disclosed his personal files. (ECF No. 14 at 1.) Plaintiff also raises new

---

[3] Plaintiff's claims seeking release from prison based on exposure to deadly viruses, etc., are properly brought in a civil rights action. See Bradway v. Rao, 2021 WL 5525857, at *1 (E.D. Cal. Nov. 24. 2021), adopted 2022 WL 1631227 (E.D. Cal. May 23, 2022) (finding claims for release due to COVID-19, prisoner's inadequate mental health treatment, and the prison's refusal to order single-cell housing not cognizable in habeas).

claims. Plaintiff alleges that he suffers from several medical problems for which he has not received treatment. (Id. at 3.) Plaintiff also appears to challenge the validity of his conviction. (Id. at 2.)

As relief, the second motion for injunctive relief requests 1) an investigation and order stopping the illegal/criminal wrongs complained of; 2) referral of this action to appropriate governmental authorities; 3) a parole date or transfer to Mexico; 4) classification as a youthful and elderly offender; 5) adequate medical care; and 6) an end to the ongoing corruption, abuse of authority, etc. (Id. at 5.)

To the extent plaintiff is attempting to challenge the validity of his conviction in the second motion for injunctive relief, the exclusive method for asserting that challenge is by way of filing a petition for writ of habeas corpus, not a civil rights action. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

Turning to the remaining requests for injunctive relief, to obtain preliminary injunctive relief, plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Plaintiff cannot show a likelihood of success on the merits because the injunctive relief he seeks in the two pending motions is unrelated to the claims on which this action will proceed, i.e., plaintiff's claims alleging that on June 7, 2023, defendant Campos violated the Eighth Amendment by using excessive force and failing to provide adequate medical care.

Accordingly, for the reasons discussed above, plaintiff's motions for injunctive relief should be denied.

Plaintiff's Motion for "Personal Legal Pleading…" (ECF No. 13)

On November 3, 2023, plaintiff filed a motion titled "Motion/Petition/Personal Legal Pleading for Justice, Relief and Remedy at Law Against Abuse of Process/Power/Authority, Racial Bias/Prejudice and Irrational/Unreasonable Madness of all State/Federal Government Authorities/People/Officials." (ECF No. 13.) Although labeled as a motion, this pleading does

not appear to seek any particular relief.  Instead, this pleading appears to be briefing in support of the amended complaint and/or the motions for injunctive relief discussed above.  The undersigned reviewed this pleading in consideration of plaintiff's amended complaint and motions for injunctive relief.  No further orders will issue regarding this pleading.

        Accordingly, IT IS HEREBY ORDERED that:

        1.  Plaintiff's motion for appointment of counsel (ECF No. 11) is denied;

        2.  Plaintiff's motion for personal legal pleading, etc. (ECF No. 13) is construed as briefing in support of the amended complaint and motions for injunctive relief;

        3.  The Clerk of the Court shall appoint a district judge to this action; and

        IT IS HEREBY RECOMMENDED that:

        1.  All claims raised in the amended complaint but for the Eighth Amendment excessive force and inadequate medical care claims against defendant Campos be dismissed; and

        2.  Plaintiff's motions for injunctive relief (ECF Nos. 12, 14) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 8, 2023

                                                KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE

Cald2049.ame