UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>        Plaintiff,<br><br>    v.<br><br>P. COVELLO, et al.,<br><br>        Defendants. | No.  2:23-cv-2049 WBS KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief filed December 1, 2023.  (ECF No. 20.)  For the reasons stated herein, plaintiff's motion for injunctive relief should be denied.

Legal Standard for Injunctive Relief

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  A court may grant such relief only upon a petitioner's showing of (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities weighs in petitioner's favor, and (4) an injunction is in the public interest.  Id. at 20.

////

1

The injunctive relief sought must be related to the claims brought in the complaint. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). In other words, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." Id. at 636 (adopting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the court lacks the authority to grant plaintiff injunctive relief. Id. A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. Id. (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)).

Discussion

This action proceeds on plaintiff's amended complaint as to plaintiff's excessive force and inadequate medical care claims against defendant Campos. (See ECF No. 22.) Plaintiff alleges that on June 7, 2023, defendant Campos exploded a grenade/bomb under plaintiff's cell door after faking an altercation between inmates. (ECF No. 10 at 5-6.) Plaintiff alleges that defendant Campos opened plaintiff's cell door twenty minutes after the grenade/bomb exploded and failed to offer plaintiff medical care for the injuries caused by exposure to the grenade/bomb. (Id. at 5.)

On November 9, 2023, the undersigned ordered service of defendant Campos. (ECF No. 17.) On December 19, 2023, the California Department of Corrections and Rehabilitation ("CDCR") filed a motion for a fourteen days extension of time to file a notice of intent to waive service. (ECF No. 21.) On January 2, 2024, CDCR filed a notice of intent to waive service on behalf of defendant Campos. (ECF No. 23.)

In the pending motion for injunctive relief, plaintiff alleges that after the court ordered service of defendant Campos, plaintiff began experiencing "retaliatory, discriminatory and punitive actions…" (ECF No. 20 at 3.) Plaintiff alleges that he was placed on a C-status hold for 15 days if he did not provide confidential information about illegal activity between inmates and staff. (Id.) Plaintiff alleges that he was issued a fabricated disciplinary action. (Id.) Plaintiff requests a parole date or that he be transferred to Mexico. (Id.) Plaintiff also requests single status and adequate medical care to prevent irreparable harm and more excessive confinement and

punishment. (Id.)

The undersigned finds that plaintiff's claims of retaliation for filing the instant action are vague and conclusory. In the pending motion, plaintiff pleads no specific facts supporting his claim that his placement on C-status and the issuance of the fabricated disciplinary action were made in retaliation for filing the instant action. Plaintiff does not allege, for example, that defendant Campos was involved in any of the alleged retaliation. Plaintiff also provides no facts supporting his claim that the disciplinary was fabricated. Accordingly, plaintiff's motion for injunctive relief on these grounds should be denied. See Titaness Light Shop, LLC v. Sunlight Supply, Inc., 585 Fed. Appx. 390, 391 (9th Cir. 2014) ("To establish a likelihood of irreparable harm, conclusory or speculative allegations are not enough.").[1]

In a motion for injunctive relief filed November 3, 2023, plaintiff also requested parole or transfer to Mexico. (ECF No. 14 at 4.) The court denied this request on the grounds that a request for parole or transfer to Mexico challenged the validity of plaintiff's conviction or confinement. (ECF Nos. 15 at 9, 22.) The exclusive method for challenging the validity of a conviction or confinement is by way of filing a petition for writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). (ECF Nos. 15 at 9, 22.) Accordingly, plaintiff's pending request for parole or transfer to Mexico should be denied on these same grounds.

Finally, in the pending motion, plaintiff requests single cell status and adequate medical care. Plaintiff does not explain why he requires single cell status or why his medical care is inadequate. Plaintiff also does not explain how these requests are related to the claims on which this action proceeds. Accordingly, these requests for injunctive relief should be denied because they are vague and conclusory. Titaness Light Shop, LLC, supra.

////

////

////

---

[1] Based on the timing of the filing of the notice of intent to waive service, it is unclear whether defendant Campos had notice of plaintiff's amended complaint at the time plaintiff filed the pending motion. If defendant Campos had no notice of plaintiff's amended complaint at the time plaintiff filed the pending motion, plaintiff's retaliation claims are without merit.

3

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 20) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Cald2049.56

4