UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON, | No. 2:23-cv-2049 WBS CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| P. COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  (ECF No. 46.)  Although plaintiff did not file an opposition, this Court recommends that defendant's motion be denied.

Background

Plaintiff filed his original complaint on September 21, 2023.  (ECF No. 1.)  In claim one of the original complaint, plaintiff alleged that on June 7, 2023, defendant Campos threw a T-6 oleoresin capsicum grenade/bomb under plaintiff's cell door without cause.  (Id.)  On October 11, 2023, the Court granted plaintiff's application to proceed in forma pauperis and found that claim one raised in the original complaint stated a potentially colorable Eighth Amendment claim against defendant Campos.  (ECF No. 7.)  The Court dismissed the remaining claims with leave to amend.  (Id.)

1

On November 3, 2023, plaintiff filed an amended complaint. (ECF No. 10.) In the amended complaint, plaintiff alleged that on June 7, 2023, defendant Campos threw a grenade/bomb under plaintiff's cell door without cause and failed to offer plaintiff medical care for the injuries caused by exposure to the grenade/bomb. (Id.) On November 9, 2023, the Court ordered service of the amended complaint on defendant Campos as to plaintiff's claims alleging that defendant Campos violated the Eighth Amendment when he exploded the grenade/bomb under plaintiff's cell door without cause and denied plaintiff medical care following the explosion of the grenade/bomb. (ECF No. 16.) On January 2, 2024, the Court dismissed the remaining claims raised in the amended complaint. (ECF No. 22.)

Motion to Revoke Plaintiff's In Forma Pauperis Status

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit demonstrating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Such "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 575 U.S. 532, 535 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has three strikes under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the imminent danger exception of serious physical injury. Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a three-strikes prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

In the pending motion, defendant cites six cases filed by plaintiff in the United States

1  District Court for the Eastern District of California he argues qualify as strikes pursuant to
2  § 1915(g).  This Court takes judicial notice of the court record of the six cases cited by defendant.
3  Fed. R. Evid. 201.  For the following reasons, this Court finds that four of the cases cited by
4  defendant do not qualify as strikes pursuant to § 1915(g) because these cases were dismissed after
5  plaintiff filed the instant action.  Tagle v. Anderson, 2017 WL 11440990, at *1 (9th Cir. May 18,
6  2017) (reversing district court's decision denying in forma pauperis status pursuant to § 1915(g)
7  because the three prior dismissals relied upon by the district court were dismissed after plaintiff
8  filed the instant litigation in the district court).

9        Defendant cites Calderon v. Allison, No. 2:21-cv-01896 KJM CKD (E.D. Cal. 2021) as a
10 § 1915(g) strike.  Court records reflect that on August 28, 2023, the Court dismissed the fourth
11 amended complaint filed in case no. 2:21-cv-01896, and entered judgment, because the fourth
12 amended complaint did not comply with the court's prior screening orders addressing the "short
13 and plain statement" requirement of Federal Rule of Civil Procedure 8(a).  (See case no. 2:21-cv-
14 01896, ECF Nos. 31, 36.)  Case no. 2:21-cv-01896 is therefore a strike pursuant to § 1915(g)
15 because the Court dismissed this action based on plaintiff's repeated violation of Rule 8(a) prior
16 to the date plaintiff filed the instant action.  Knapp v. Hogan, 738 F.3d 1106, 1108-09 (9th Cir.
17 2013) (repeated violations of Rule 8(a)'s "short and plain statement" requirement are strikes as
18 "fail[ures] to state claim" when the opportunity to correct the pleading has been afforded and
19 there has been no modification within a reasonable time).

20       Defendant cites Calderon v. Bonta, No. 23-cv-01064 WBS KJN (E.D. Cal. 2023) as a
21 § 1915(g) strike.  Court records reflect that on August 28, 2023, the Court dismissed case no.
22 2:23-cv-01064 for failure to state a claim.  (See case no. 2:23-cv-01064, ECF Nos 12, 16.)  Case
23 no. 23-cv-01064 is therefore a strike pursuant to § 1915(g) because the Court dismissed this
24 action for failing to state a claim prior to the date plaintiff filed the instant action.

25       Defendant cites Calderon v. Bonta, No. 2:23-cv-00212 KJM EFB (E.D. Cal. 2023) as a
26 § 1915(g) strike.  Court records reflect that on March 26, 2024, the Court dismissed case no. 2:23-
27 cv-00212 for failure to state a claim.  (See case no. 2:23-cv-00212, ECF Nos. 17, 32.)  Case no.
28 2:23-cv-00212 is not a strike pursuant to § 1915(g) because this case was dismissed after plaintiff

3

filed the instant action.

Defendant cites <u>Calderon v. Bonta</u>, No. 23-cv-01065 DJC DMC (E.D. Cal. 2023) as a § 1915(g) strike.  Court records reflect that on February 15, 2024, the Court dismissed case no. 2:23-cv-01065 for failure to state a claim.  (<u>See</u> case no. 2:23-cv-01065, ECF Nos. 23, 26.)  Case no. 2:23-cv-01065 is not a strike pursuant to § 1915(g) because this case was dismissed after plaintiff filed the instant action.

Defendant cites <u>Calderon v. Covello</u>, No. 2:23-cv-01973 WBS JDP (E.D. Cal. 2023) as a § 1915(g) strike.  Court records reflect that on January 4, 2024, the Court dismissed case no. 2:23-cv-01973 for failure to state a claim.  (<u>See</u> case no. 2:23-cv-01973, ECF Nos. 15, 16.)  Case no. 2:23-cv-01973 is not a strike pursuant to § 1915(g) because this case was dismissed after plaintiff filed the instant action.

Defendant cites <u>Calderon v. Covello</u>, No. 2:23-cv-01974 DJC DB (E.D. 2023) as a § 1915(g) strike.  Court records reflect that on April 1, 2024, the Court dismissed case no. 2:23-cv-01974 for failure to state a claim.  (<u>See</u> case no. 2:23-cv-01974, ECF Nos. 18, 29.)  Case no. 2:23-cv-01974 is not a strike pursuant to § 1915(g) because this case was dismissed after plaintiff filed the instant action.

This Court recommends that defendant's motion to revoke plaintiff's in forma pauperis status be denied because defendant failed to demonstrate that plaintiff has three strikes pursuant to § 1915(g).  Because defendant failed to demonstrate that plaintiff has three strikes, this Court need not address defendant's argument that plaintiff does not qualify for the imminent danger exception to § 1915(g)

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 46) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 24, 2024

                                        CHI SOO KIM
                                        UNITED STATES MAGISTRATE JUDGE

Cald2049.den

2