1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JUAN CARLOS CALDERON,                   No.  2:23-cv-2049 WBS CSK P

12                 Plaintiff,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14    P. COVELLO, et al.,

15                 Defendants.

16

17    I.    Introduction

18         Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

19    to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for reasonable judgment

20    and reasonable consideration of equitable relief (ECF No. 45) and to reconsider equitable relief,

21    etc. (ECF No. 50).  Defendant filed an opposition to plaintiff's motion to reconsider equitable

22    relief, etc.  (ECF No. 52.)

23         This Court construes plaintiff's pending motions as requests for injunctive relief and

24    recommends that they be denied.

25    II.   Background

26         This action proceeds on plaintiff's amended complaint as to defendant Campos.  (ECF No.

27    10.)  Plaintiff alleges that on June 7, 2023, defendant Campos violated the Eighth Amendment by

28    throwing a grenade/bomb under plaintiff's cell door without cause and failing to offer plaintiff

                                                1

1    medical care for the injuries caused by exposure to the grenade/bomb.  (Id.)

2    III.    Motion for Reasonable Judgment and Reasonable Consideration of Equitable Relief (ECF

3            No. 45)

4            Plaintiff's motion for reasonable judgment and reasonable consideration raises several

5    claims unrelated to the claims raised in the amended complaint against defendant Campos.  For

6    example, in his motion, plaintiff makes the following unrelated allegations:  Plaintiff alleges that

7    on April 26, 2024, prison officials opened his cell door in order to allow other inmates to assault

8    plaintiff.  (ECF No. 45 at 2.)  Plaintiff alleges that prison officials use chemicals in air ventilation

9    to cause irrational conduct, bad emotional feelings, etc.  (Id.)  Plaintiff alleges that prison

10   employees, prison directors, the court and judges have acted in bad faith due to plaintiff's

11   nationality, race and criminal case factors.  (Id. at 3.)  Plaintiff alleges that prison officials

12   disclosed and continue to disclose plaintiff's confidential prison files in order to incite a general

13   sense of hatred toward plaintiff by other inmates.  (Id. at 4.)  Plaintiff alleges that prison health

14   care providers denied plaintiff health care.  (Id. at 5.)  Plaintiff alleges that his request to transfer

15   to Mexico was wrongly denied.  (Id. at 8.)  Plaintiff alleges that he was wrongly denied parole.

16   (Id.)

17           The claims raised in the pending motion are not directly related to the claims on which

18   this action proceeds against defendant Campos.  For this reason, this Court lacks authority to

19   grant relief as to these claims.  See Pac. Radiation Oncology, LLC v. Queen's Medical Center,

20   810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in

21   the motion for injunctive relief and the conduct asserted in the underlying complaint.").

22   Accordingly, plaintiff's motion for reasonable judgment and reasonable consideration, construed

23   as a request for injunctive relief, should be denied.

24           In the pending motion, plaintiff also requests that the court set aside all orders denying

25   any relief, legal assistance and remedy at law over the past year in all civil actions filed by

26   plaintiff.  (ECF No. 45 at 3-4.)  In the instant action, plaintiff may only seek relief from orders

27   filed in the instant action.  Accordingly, plaintiff's request for this Court to set aside all orders

28   denying relief issued over the past year in all civil actions filed by plaintiff should be denied.

IV.     Motion to Reconsider Equitable Relief, Etc. (ECF No. 50)

Plaintiff alleges that the court and judges in nine other actions and, presumably, the instant action, denied and overlooked "any relief, legal assistance and justice by use of procedural issues, court rules and misconception of the legal constitutional issues precluding or preventing the fundamental principles of the justice system."  (ECF No. 50 at 2.)  As he did in the motion for reasonable judgment and reasonable consideration, plaintiff goes on to raise claims unrelated to the claims raised in the amended complaint against defendant Campos.  For example, in his motion, plaintiff makes the following unrelated allegations:  Plaintiff alleges that for many years, he has been subjected to disparate treatment, experimentation, invasion of privacy and denial of all federal rights.  (Id. at 2.)  Plaintiff alleges that for years, prison officials have censored plaintiff's outgoing/incoming mail without legal notification or justification.  (Id.)  Plaintiff alleges that for years, prison officials have disclosed plaintiff's personal-confidential prison files, resulting in plaintiff being assaulted.  (Id. at 3.)  Plaintiff alleges that he was assaulted on April 26, 2024.  (Id.)  As relief, plaintiff requests that the court issue the following orders:  1) direct prison officials to stop the experimentation and invasion of plaintiff's privacy; 2) direct the prison director to arrange plaintiff's transfer to a different prison; 3) order all reasonable actions to vindicate plaintiff's federal rights and make people accountable; 4) stop the madness; and 5) stop obsession with plaintiff's person.  (Id. at 4-5.)

The claims raised in the pending motion are not directly related to the claims on which this action proceeds against defendant Campos.  For this reason, this Court lacks authority to grant relief as to these claims.  Queen's Medical Center, 810 F.3d at 636.  Accordingly, plaintiff's motion to reconsider equitable relief, etc., construed as a request for injunctive relief, should be denied.

To the extent plaintiff seeks relief from orders filed in actions other than the instant action in his motion to reconsider equitable relief, etc., this request should be denied.  As stated previously, in the instant action plaintiff may only seek relief from orders filed in the instant action.

///

V.      Future Motions by Plaintiff

The Court warns plaintiff that future motions filed by plaintiff in this action must be related to the claims on which this action proceeds against defendant Campos.  If plaintiff continues to file motions in this case that are unrelated to the claims proceeding against defendant Campos, the Court will consider imposing sanctions.

VI.     Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for reasonable judgment and reasonable consideration of equitable relief (ECF No. 45) and motion to reconsider equitable relief, etc. (ECF No. 50), construed as requests for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  June 28, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE


Cald2049.ord

2

4