UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>              Plaintiff,<br><br>       v.<br><br>J. CAMPOS,<br><br>              Defendant. | No.  2:23-cv-2049 WBS CSK P<br><br><br>FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is defendant Campos's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 57.)  Also pending is plaintiff's motion for "documentational legal matters of new facts, evidence and events."  (ECF No. 64.)  For the following reasons, this Court recommends that both pending motions be denied.

**II. MOTION TO DISMISS**

  **A. Legal Standard for Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the

1

pleading in the light most favorable to the plaintiff.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility.  See Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).  "[I]f a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond."  United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  Id. at 908; see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated by reference, and matters of which a court may take judicial notice.").  Under the incorporation by reference doctrine, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  Ritchie, 342 F.3d at 908.

**B. Plaintiff's Claims**

This action proceeds on plaintiff's amended complaint filed November 3, 2023 as to plaintiff's claims against defendant Mule Creek State Prison ("MCSP") Correctional Officer Campos. (ECF No. 10.) Plaintiff alleges that on June 7, 2023, defendant Campos exploded a grenade/bomb under plaintiff's cell door after faking an altercation between inmates. (Id. at 5-6.) Plaintiff alleges that plaintiff's cell was contaminated with chemicals "with intentional mind to cause deadly harm, irreparable harm and general suffering by not opening cell's door until 20 minutes later and offering no [de]contamination … no medical care at all." (Id. at 5.)

The Court ordered service of claims alleging that defendant Campos used excessive force in violation of the Eighth Amendment when he exploded a grenade/bomb under plaintiff's cell door without cause and failed to open the cell door for 20 minutes. (ECF No. 16. at 1.) The Court also ordered service of plaintiff's claim alleging that defendant Campos violated plaintiff's Eighth Amendment right to adequate medical care by failing to provide plaintiff with medical care following the explosion of the grenade/bomb in plaintiff's cell. (Id.)

**C. Relevant Legal Standards**

    1. Excessive Force

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992).

When determining whether the force was excessive, the Court looks to the "extent of injury suffered by an inmate ..., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the

context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

### 2. Medical Care

Under 42 U.S.C. § 1983, to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). In the Ninth Circuit, the test for deliberate indifference consists of two parts. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted). First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. See id. (internal citations and quotations omitted). Second the plaintiff must show that the defendant's response to the need was deliberately indifferent. See id. The second prong is satisfied by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (internal citations omitted). However, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under Section 1983. See id.

**D. Plaintiff's Opposition**

At the outset, this Court addresses defendant's argument in his reply to plaintiff's opposition that the motion to dismiss should be granted because plaintiff failed to address the merits of the motion to dismiss. This Court below also addresses plaintiff's request for injunctive relief made in plaintiff's opposition to defendant's motion to dismiss.

### 1. Background

On May 13, 2024, defendant filed a motion to revoke plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g). (ECF No. 46.) On August 16, 2024, the Court denied defendant's motion to revoke plaintiff's in forma pauperis status. (ECF No. 55.) On September 6, 2024, defendant filed the pending motion to dismiss. (ECF No. 57.) On September 18, 2024,

plaintiff filed a pleading docketed as an opposition to defendant's motion to revoke plaintiff's in forma pauperis status. (ECF No. 59.) In this pleading, plaintiff appears to address the previously denied motion to revoke plaintiff's in forma pauperis status. (Id.) On September 30, 2024, defendant filed a reply to plaintiff's opposition filed September 18, 2024. (ECF No. 60.) Defendant correctly observes that plaintiff's opposition fails to address defendant's arguments made in the pending motion to dismiss. (Id.) Defendant also observes that plaintiff's opposition contains a request for the Court to order plaintiff's transfer to Mexico. (Id.)

On October 28, 2024, plaintiff filed a pleading docketed as, "Opposition by Juan Carlos Calderon to Motion to Dismiss." (ECF No. 61.) This pleading does not directly address the pending motion to dismiss. On November 7, 2024, plaintiff filed a pleading docketed as, "Opposition and Objections by Juan Carlos Calderon to Motion to Dismiss." (ECF No. 62.) This pleading also does not directly address the pending motion to dismiss.

2. Plaintiff's Failure to File An Opposition Addressing Motion to Dismiss

In the reply, defendant argues that the Court should construe plaintiff's failure to address the issues raised by defendant in the motion to dismiss as a waiver or abandonment of plaintiff's claims. (ECF No. 60 at 2.) In support of this argument, defendant cites Shull v. Ocwen Loan Serv., LLC, 2014 WL 1404877 (S.D. Cal. Apr. 10, 2014). (Id.) In Shull, the court found that by failing to respond to arguments raised in a motion to dismiss regarding claims two, three, four and six, plaintiff abandoned those claims and dismissal of those claims was appropriate. 2014 WL 1404877 at *2. In Shull, the court cited four cases in support of this finding: Silva v. U.S. Bancorp, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011); Qureshi v. Countrywide Home Loans, Inc., 2010 WL 841669, at *9 & n. 2 (N.D. Cal. Mar. 10, 2010); In re TFT-LCD (Flat Panel) Antitrust Litig., 586 F.Supp.2d 1109, 1131 (N.D. Cal. 2008); and Walsh v. Nev. Dep't. of Human Res., 471 F.3d 1033, 1037 (9th Cir. 2006). In Shull, the court went on to address the merits of the motion to dismiss as to the claims addressed by plaintiff in the opposition. 2014 WL 1404877 at *3-5.

This Court now discusses the four cases cited by the court in Shull in support of the finding that the plaintiff abandoned claims not addressed in the opposition to the motion to

dismiss. In Silva, the court found that the record keeping and stand-alone seating claims raised in claim II should be dismissed because plaintiff failed to address defendant's arguments regarding these claims in his opposition to defendant's motion to dismiss. See 2011 WL 7096576 at *2-4. In Silva, the court went on to address the merits of the remaining claims addressed in the motion to dismiss. See id. at *4-6.

In Qureshi, the court found that the plaintiff abandoned part of his Truth in Lending Act ("TILA") claim as well as his antitrust claim by failing to address these claims in his opposition to defendant's motion to dismiss. See 2010 WL 841669 at *6 n. 2, *9. In Qureshi, the court addressed the merits of the remaining claims addressed in the motion to dismiss. See id. at *5-11.

In In re TFT-LCD, the court found that plaintiff abandoned its antitrust claim by failing to address the antitrust claim in the opposition to the motion to dismiss. See 586 F.Supp.2d at 1131. In In re TFT-LCD, the court addressed the merits of the remaining claims addressed in the motion to dismiss. See id. at 1115-1132.

Finally, in Walsh, the Ninth Circuit found that the plaintiff failed to preserve her claim for injunctive relief on appeal because she did not present the issue to the district court: "A plaintiff who makes a claim for injunctive relief in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss on the grounds of immunity from money damages, has effectively abandoned his claim, and cannot raise it on appeal." 471 F.3d at 1037.

An important difference between the instant action and Shull, Silva, Qureshi, In re TFT-LCD and Walsh is that plaintiff in the instant action is a pro se litigant, unlike the plaintiffs in Shull, Silva, Qureshi, In re TFT-LCD and Walsh. In addition, in Shull, Silva, Qureshi and In re TFT-LCD, the courts found that individual claims, rather than the entire action, were abandoned based on the failure of plaintiffs' counsel to address these claims in their oppositions to the motions to dismiss. In the instant action, plaintiff clearly did not intend to abandon this entire action. Walsh is not entirely on point as it addressed waiver of claims on appeal. For these reasons, this Court is not persuaded by defendant's citation to Shull, and the cases cited in Shull, as grounds to dismiss this entire action.

Although plaintiff's oppositions do not address the merits of the pending motion to

dismiss, for the reasons discussed below, this Court recommends that defendant's motion to dismiss be denied because defendant failed to meet his burden of showing that plaintiff's amended complaint fails to state a claim upon which relief may be granted.  See Avalanche Funding, LLC v. Five Dot Cattle Company, 2017 WL 6040293, at *3 (E.D. Cal. Dec. 6, 2017) (citing Anderson v. Fishback, 2009 WL 2423327, at *2 (E.D. Cal. Aug. 6, 2009) ("In the context of a motion to dismiss, the burden is on the defendant to prove that the plaintiff failed to state a claim.").

### 3. Plaintiff's Request for Injunctive Relief Made in Opposition

In his reply to plaintiff's opposition, defendant requests that the Court deny plaintiff's request for deportation to Mexico raised in plaintiff's opposition filed September 18, 2024 on the grounds that it is unrelated to the claims on which this action proceeds.  (See ECF No. 59 at 5, 12 (plaintiff's opposition); ECF No. 60 at 3 (defendant's reply).)  Defendant observes that this Court has previously given plaintiff detailed reasoning for why it dismissed his prior requests for injunctive relief.  (ECF No. 60 at 2.)  Defendant requests that the Court consider sanctions against plaintiff given his unwillingness to obey the Court's orders.  (Id. at 3.)

Defendant is correct that the Court previously denied requests by plaintiff for injunctive relief that were unrelated to the claims on which this action proceeds (see ECF Nos. 22, 36, 56). See Pac. Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint.").  This Court warned plaintiff that the Court would consider imposing sanctions if plaintiff continued to file motions in the instant action that were unrelated to the claims proceeding against defendant Campos.  (ECF No. 53 at 4.)

This Court finds that plaintiff's request for injunctive relief to be deported to Mexico brought in his opposition filed September 18, 2024, is not properly raised.  Federal Rule of Civil Procedure Rule 7(b)(1) requires that requests for court orders must be made by motion. Therefore, a request for injunctive relief must be raised in a motion for injunctive relief.  A request for injunctive relief may not be made in a pleading addressing other matters, such as an opposition to a motion to dismiss.  For this reason, plaintiff's request for injunctive relief made in

his opposition filed September 18, 2024 is disregarded.

### E. Analysis: Excessive Force Claim

Defendant argues that plaintiff's claim alleging that defendant used excessive force by "faking an altercation between inmates and exploding" a pepper spray grenade under plaintiff's door is too vague and conclusory to support an excessive force claim. (ECF No. 57 at 3.) Defendant argues that, without more, these allegations fail to satisfy the malicious and sadistic intent elements. (Id.) Defendant also argues that, assuming the altercation was near plaintiff's cell, the fact that force was used in response to an altercation between prisoners confirms that force was necessary to restore order. (Id.)

This Court observes that attached to plaintiff's original complaint are declarations by inmates Gerardo Azpera, Anthony Gilbert and Edwards[1] regarding the June 7, 2023 incident. (ECF No. 1 at 10-12.) Although plaintiff did not attach these declarations to the amended complaint, this Court finds that these declarations are incorporated by reference to the amended complaint because these declarations help form the basis of plaintiff's claims against defendant Campos. In his sworn declaration dated June 30, 2023, inmate Azpera states that he was plaintiff's cellmate on June 7, 2023. (Id. at 10.) Inmate Azpera states that after a fight broke out between two other inmates, a chemical bomb exploded under his cell door, which was far away from the ongoing fight. (Id.) Inmate Azpera states that there was no decontamination and the cell's door was not opened for 20 minutes during which time the chemical effects of the chemical bomb prevented inmate Azpera and plaintiff from breathing. (Id.)

In his sworn declaration dated July 1, 2023, inmate Gilbert states that on June 7, 2023, defendant Campos used a chemical bomb not to control the fight between the two inmates but to harass plaintiff. (Id. at 11.) Inmate Gilbert states that the bomb exploded under plaintiff's cell door, far away from the ongoing altercation. (Id.) Inmate Gilbert states that no immediate decontamination was done and the cell door was not opened until thirty minutes later. (Id.)

In his sworn declaration dated June 22, 2023, inmate Edwards states that on June 7, 2023,

---

[1] The declaration of inmate Edwards does not include a first name.

a chemical grenade exploded in plaintiff's cell, which was far away from the altercation. (Id. at 12.) Inmate Edwards states that no immediate decontamination was offered. (Id.)

The declarations of inmates Azpera, Gilbert and Edwards state that plaintiff's cell was far away from the fight between the two inmates. In the amended complaint, plaintiff alleges that defendant Campos put the grenade bomb under his cell door after faking an altercation between two inmates. Although the inmate declarations and plaintiff's amended complaint differ regarding whether a fight between inmates actually occurred, the allegations in the amended complaint and the declarations of inmates Azpera, Gilbert and Edwards suggest that defendant Campos put the grenade bomb under plaintiff's cell door when there was no need for this use of force. Based on these allegations, this Court finds that plaintiff pled sufficient facts supporting his claim that defendant Campos did not act to restore security when he rolled the grenade bomb under plaintiff's cell door. Plaintiff's claim that defendant Campos acted maliciously and sadistically is also supported by plaintiff's claim that defendant Campos waited twenty minutes after the grenade bomb exploded in plaintiff's cell before opening plaintiff's cell door.

Accordingly, for the reasons discussed above, defendant's motion to dismiss plaintiff's excessive force claim should be denied.

**F. Analysis: Inadequate Medical Care Claim**

Defendant argues that plaintiff's amended complaint fails to allege any facts showing harm caused by defendant. (ECF No. 57 at 4.) For this reason, defendant argues that plaintiff fails to state a potentially colorable Eighth Amendment claim based on denial of adequate medical care. (Id.)

In the amended complaint, plaintiff alleges that on June 7, 2023, he was subjected to "general intentional torts/abuse and causation of health problems; irreparable harm; high risk of deadly harm; denial of health care…" after defendant Campos allegedly rolled the grenade bomb into plaintiff's cell. (ECF No. 10 at 6.) Plaintiff alleges that the exploding grenade bomb contaminated plaintiff, causing harm and general suffering. (Id.) This Court also observes that in his declaration, inmate Azpera states that after the bomb exploded, there was no decontamination. (ECF No. 1 at 10.) Inmate Azpera states that, "we did suffer from burning torture all over our

9

body for several days…" (Id.) Taking into consideration plaintiff's allegations and the statement by inmate Azpera that both he and plaintiff suffered burning torture all over their bodies for several days after defendant Campos allegedly failed to provide medical care, this Court finds that plaintiff's amended complaint adequately pleads harm in support of the Eighth Amendment inadequate medical care claim. Accordingly, defendant's motion to dismiss plaintiff's claim alleging inadequate medical care should be denied.

### III. PLAINTIFF'S MOTION FOR DOCUMENTATIONAL LEGAL MATTERS, ETC.

For the following reasons, this Court recommends that plaintiff's motion for documentational legal matters, etc., construed as a motion for injunctive relief, be denied. In this motion, plaintiff claims that on December 4, 2024, plaintiff was assaulted and moved from a Level IV facility to a Level III facility. (ECF No. 64 at 1.) Plaintiff claims that at the Level III facility, prison employees have "continued with illegal criminal wrongs complained of, as to cause health problems, irreparable harm, deadly harm and more violence for the purpose of more excessive confinement…" (Id. at 1-2.) Plaintiff claims that prison employees conspired to deny plaintiff the ability to communicate with the outside world, obstructed plaintiff's mail and denied plaintiff access to a tablet device. (Id. at 2.) Plaintiff claims that prison officials incited other inmates to be hostile to plaintiff based on plaintiff's criminal conviction. (Id. at 3.) Plaintiff claims that prison health care officials organized and executed a plan to cause health care problems to plaintiff. (Id. at 4.) Plaintiff claims that prison officials at MCSP have obstructed, delayed and interfered with plaintiff's transfer to another prison, such as California State Prison-Corcoran ("Corcoran") and the California Men's Colony ("CMC"). (Id. at 5.) As relief, plaintiff requests that plaintiff be transferred to a Protective Housing Unit ("PHU"), apparently at CMC, and for the Court to order an investigation of plaintiff's claims. (Id. at 7-8.)

The claims raised in plaintiff's motion for documentational legal matters, etc. are not directly related to the claims on which this action proceeds against defendant Campos. For this reason, the Court lacks authority to grant relief as to these claims. See Queen's Medical Center, 810 F.3d at 636. Accordingly, plaintiff's motion for documentational legal matters, etc., construed as a request for injunctive relief, should be denied.

1  Accordingly, IT IS HEREBY RECOMMENDED that:

2  1. Defendant's motion to dismiss (ECF No. 57) be denied and defendant be ordered to file an answer to the complaint within thirty days after the adoption of these findings and recommendations; and

2. Plaintiff's motion for documentational legal matters, etc. (ECF No. 64), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 28, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cald2049.mtd/2

11