UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. COVELLO, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-2049 WBS CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for a preliminary injunction, for appointment of counsel and for remedy at law. (ECF No. 67.) For the following reasons, plaintiff's motion for appointment of counsel is denied. For the following reasons, this Court recommends that plaintiff's motion for injunctive relief and motion for remedy at law, construed as part of plaintiff's motion for injunctive relief, be denied.

**II. BACKGROUND**

　　This action proceeds on plaintiff's amended complaint as to defendant Mule Creek State Prison ("MCSP") Correctional Officer Campos. (ECF No. 10.) Plaintiff alleges that on June 7, 2023, defendant Campos violated the Eighth Amendment by throwing a grenade/bomb under plaintiff's cell door without cause and failing to offer plaintiff medical care for the injuries caused

1

by exposure to the grenade/bomb.  (Id.)

### III. MOTION FOR INJUNCTIVE RELIEF AND FOR REMEDY AT LAW

In the pending motion, plaintiff alleges that after the June 7, 2023 incident involving defendant Campos, plaintiff was denied medical care to diagnose, treat and resolve pain to plaintiff's lungs, kidneys, liver, stomach and body.  (ECF No. 67 at 1.)  Plaintiff alleges that health care employees and grievance system employees are interfering with plaintiff receiving health care.  (Id.)  Plaintiff alleges that the prison grievance system denied intervention in an evil conspiracy to deny plaintiff all basic needs due to plaintiff's 1992 case and nationality.  (Id. at 1-2.)  Plaintiff also alleges that he is being held in strict isolation.  (Id. at 2.)  Plaintiff alleges that he is being denied access to mail and phone use.  (Id.)  Plaintiff alleges that on April 26, 2024, plaintiff was "assaulted or singled out" due to complaining about inmates assaulting other inmates to please prison guards and make money for drugs.  (Id.)  Plaintiff lost his television, radio, typewriter, accessories and tablet.  (Id. at 3.)  Plaintiff alleges that he was assaulted by prison staff on December 16, 2022.  (Id.)  Plaintiff alleges that he is dealing with evil torts, invasion of privacy torts, excessive confinement, evil wrongs and conspiracy to cause deadly harm.  (Id.)

As relief, plaintiff requests that the Court provide plaintiff with access to outside community health to diagnose plaintiff's health problems, transfer plaintiff to Mexico or the Protective Housing Unit at California State Prison-Corcoran, order a federal investigation and order prison officials to stop their offensive conduct.  (Id. at 6-7.)  Plaintiff attaches several exhibits to his pending motion which this Court reviewed.  (Id. at 9-38.) These exhibits include a declaration by plaintiff, a purported declaration by plaintiff's cellmate, grievances filed by plaintiff and responses to these grievances, and a Reasonable Accommodation Request made by plaintiff.  (Id.)

This Court construes plaintiff's motion for a remedy at law as part of plaintiff's motion for injunctive relief.  While plaintiff claims in the pending motion that he has been denied medical care for the injuries he allegedly suffered following the June 7, 2023 incident involving defendant Campos, plaintiff seeks medical care from prison officials who are not defendants in this action. This Court is unable to issue an order against individuals who are not parties to a suit pending

1  before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).
2  Accordingly, plaintiff's motion for injunctive relief seeking medical care for the injuries he
3  allegedly suffered following the June 7, 2023 incident should be denied.
4        Plaintiff's remaining requests for injunctive relief are not related to the claims on which
5  this action proceeds against defendant Campos.  For this reason, this Court lacks authority to
6  grant relief as to these requests.  See Pac. Radiation Oncology, LLC v. Queen's Medical Center,
7  810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in
8  the motion for injunctive relief and the conduct asserted in the underlying complaint.").
9  Accordingly, plaintiff's motion for injunctive relief as to the requests not related to the claims on
10 which this action proceeds should be denied.

11 **IV.  MOTION FOR APPOINTMENT OF COUNSEL**

12       Plaintiff requests the appointment of counsel.  District courts lack authority to require
13 counsel to represent indigent prisoners in section 1983 cases.  See Mallard v. United States Dist.
14 Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney
15 to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d
16 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
17 When determining whether "exceptional circumstances" exist, the court must consider plaintiff's
18 likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro
19 se in light of the complexity of the legal issues involved.  See Palmer v. Valdez, 560 F.3d 965,
20 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The
21 burden of demonstrating exceptional circumstances is on the plaintiff.  See id.  Circumstances
22 common to most prisoners, such as lack of legal education and limited law library access, do not
23 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.
24       Having considered the factors under Palmer, the Court finds that plaintiff has failed to
25 meet his burden of demonstrating exceptional circumstances warranting the appointment of
26 counsel at this time.
27 ///
28 ///

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel (ECF No. 67) is denied; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief and motion for remedy at law (ECF No. 67) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 14, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Cald2049.pi/2