UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS CALDERON,<br><br>   Plaintiff,<br><br>   v.<br><br>P. COVELLO, et al.,<br><br>   Defendants. | No.  2:23-cv-2049 WBS CSK P<br><br>FINDINGS AND RECOMMENDATIONS |

**I. INTRODUCTION**

   Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's request for transfer.  (ECF No. 80.) For the following reasons, this Court recommends that plaintiff's request for transfer, construed as a motion for injunctive relief, be denied.

**II. BACKGROUND**

   This action proceeds on plaintiff's amended complaint as to defendant Mule Creek State Prison ("MCSP") Correctional Officer Campos.  (ECF No. 10.)  Plaintiff alleges that on June 7, 2023, defendant Campos violated the Eighth Amendment by throwing a grenade/bomb under plaintiff's cell door without cause and failing to offer plaintiff medical care for the injuries caused by exposure to the grenade/bomb.  (Id.)

////

1

### III. MOTION FOR INJUNCTIVE RELIEF

In the pending motion, plaintiff claims that he has discovered new data of a conspiracy by some countries to implant chips and experiment on humans which is manipulating plaintiff's conduct, thinking, mood and judgment. (ECF No. 80 at 1.) Plaintiff claims that the actions of defendant Campos and all prison employees, authorities, inmates and people in general are related to the oppression, obstruction of justice, strict isolation and disparate treatment from which plaintiff allegedly suffers. (Id. at 2.) Plaintiff claims that inmates and prison employees are working to mess up plaintiff's parole date. (Id. at 2-3.) Plaintiff claims he has never committed any crimes. (Id. at 3.) Plaintiff requests that the Court order plaintiff's transfer to the Protective Housing Unit ("PHU") at California State Prison-Corcoran, federal custody or Mexico. (Id. at 4.)

This Court construes plaintiff's request for transfer as a motion for injunctive relief. Plaintiff has not demonstrated that the claims raised in the pending motion against defendant Campos and the other persons identified in the pending motion are related to the claims on which this action proceeds against defendant Campos. For this reason, plaintiff's motion for injunctive relief should be denied. See Pac. Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015) ("[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conducted asserted in the underlying complaint.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's request for transfer (ECF No. 80), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

////

1 | Dated:  August 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6 | Cald2049.fr/2

3